IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

Re:     Equity Media Holdings Corporation                    Case No. 4:08-bk-17646M
                                                             Chapter 7

M. Randy Rice, Trustee                                       Plaintiff

v.      AP No. 4:10-ap-1255

Neal Ardman and Neal Ardman                                  Defendants
d\b\a NIA Broadcasting, Inc.

### APPLICATION TO CONFIRM PROPOSED COMPROMISE SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND NEAL ARDMAN AND NEAL ARDMAN D/B/A NIA BROADCASTING, INC.

COMES NOW M. Randy Rice, as Chapter 7 Trustee in the above-referenced jointly-administered bankruptcy cases[1] (the "Trustee"), and files his *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Order Approving Compromise and Settlement Agreement Between Trustee and Neal Ardman and Neal Ardman d/b/a NIA Broadcasting, Inc.* (the "Motion"). In support of the Motion, the Trustee would show as follows:

### I.     JURISDICTION AND VENUE

---

[1] The Jointly Administered Subsidiary Debtors include Arkansas 49, Inc., EBC Detroit, Inc., EBC Harrison, Inc., Borger Broadcasting, Inc., EBC Jacksonville, Inc., C.A.S.H. Services, Inc., EBC Kansas City, Inc., Equity News Services, Inc., EBC Los Angeles, Inc., Denver Broadcasting, Inc., EBC Minneapolis, Inc., EBC Atlanta, Inc., EBC Nashville, Inc., EBC Panama City, Inc., EBC Buffalo, Inc., Fort Smith 46, Inc., Logan 12, Inc., Marquette Broadcasting, Inc., Nevada Channel 3, Inc., Nevada Channel 6, Inc., Newmont Broadcasting Corporation, EBC Provo, Inc., Price Broadcasting, Inc., Pullman Broadcasting, Inc., EBC Scottsbluff, Inc., Rep Plus, Inc., EBC Seattle, Inc., River City Broadcasting, Inc., EBC Southwest Florida, Inc., Roseburg Broadcasting, Inc., TV 34, Inc., EBC Syracuse, Inc., EBC Pocatello, Inc., EBC St. Louis, Inc., EBC Waterloo, Inc., La Grande Broadcasting, Inc., Montgomery 22, Inc., Shawnee Broadcasting, Inc., EBC Waco, Inc., Vernal Broadcasting, Inc., Wyoming Channel 2, Inc., H&H Properties Limited Partnership, Woodward Broadcasting, Inc., Montana Broadcasting Group, Inc., Central Arkansas Payroll Company, Montana License Sub, Inc., Equity Broadcasting Corporation, Equity Insurance Inc., KLRA, Inc., EBC Mt. Vernon, Inc., EBC Wichita Falls, Inc. and EBC Boise, Inc. (the "Subsidiary Debtors")

**MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND NEAL ARDMAN AND NEAL ARDMAN D/B/A NIA BROADCASTING, INC.**
**PAGE 1**

1. The Court has jurisdiction over this Motion and the claims raised herein pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

2. Venue for the Equity Media bankruptcy case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

4. On December 8, 2008, Equity Media ("EMHC" or the "Debtor") commenced its voluntary petition for relief under the Bankruptcy Code and on December 16, 2008, with the Subsidiary Debtors filed their voluntary petitions for relief under the Bankruptcy Code, thereby initiating the above-captioned jointly-administered cases with this Court (the "Bankruptcy Cases").

5. On January 8, 2009, this Court ordered joint administration of the EMHC bankruptcy case and the Subsidiary Debtors' bankruptcy cases. [Docket No. 109].

6. On June 17, 2010, EMHC and the Subsidiary Debtors (collectively, the "Debtors") moved to have their cases converted to a Chapter 7 bankruptcy case. [Docket No. 765].

7. On June 21, 2010, this Court granted the Debtors' requested conversion to Chapter 7. [Docket No. 767]. M. Randy Rice was appointed Chapter 7 Trustee for the Equity Media Bankruptcy Estate (the "Debtor's Estate"), pursuant to 11 U.S.C. § 701. [Docket No. 769].

8. On December 8, 2010, the Trustee brought his Complaint to Avoid Preferential Payments and for Judgment Against the Defendant (the "Avoidance Action") against Neal Ardman and Neal Ardman d/b/a NIA Broadcasting, Inc. (collectively, the "Defendants") to set aside all preferential payments made by Equity Media to the Defendants within 90 days of the Petition Date. The amount of the preferential payments within 90 days of the Petition Date was $133,750.00.

9. On December 8, 2010, The Trustee also brought his Original Adversary Complaint (the "D&O Litigation") against sixteen former officers and directors of Equity Media, for, among other things, breaches of fiduciary duties to Equity Media, breaches of fiduciary duties to creditors, corporate waste, negligence of directors and officers, the avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550, the avoidance and recovery of fraudulent transfers pursuant to the Uniform Fraudulent Transfer Act, and attorney's fees.

10. On December 8, 2010, the Trustee also brought his Original Adversary Complaint (the "Fraudulent Transfer Litigation") against Henry G. Luken III and Luken Communications, LLC for, among other things, the avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 and the avoidance and recovery of fraudulent transfers pursuant to the Uniform Fraudulent Transfer Act.

11. The Trustee and the Defendants have agreed upon terms for settlement (the "Agreement") of the Avoidance Action. The Agreement provides that in consideration of the benefits provided by settlement of the controversies between the Trustee and the Defendants, the Defendants agree to provide litigation consulting services to the Trustee in terms of providing information, documents, and time necessary to consult with the Trustees counsel on background

facts that pertain and relate to both the D&O Litigation and the Fraudulent Transfer Litigation, and in exchange for Defendants agreement to provide such litigation consulting services the Trustee agrees to dismiss the Avoidance Action with prejudice. The litigation consulting services to be provided by the Defendants includes information and access to documents and other evidence that might not otherwise be available to the Trustee. The Defendants have already provided such litigation consulting services in the form of various documents and records. The Defendants have also agreed that they will continue to provide said litigation consulting services during the pendency of both the D&O Litigation and the Fraudulent Transfer Litigation. The Trustee believes that the information and potential evidence to be garnered from the Defendants' litigation consulting services will provide a direct and important benefit to the Estate in the prosecution of both the D&O Litigation and the Fraudulent Transfer Litigation.

### III.    RELIEF REQUESTED

12.    By and through the Motion, the Trustee respectfully requests this Court enter an order approving the Agreement between the Trustee and the Defendants, pursuant to Bankruptcy Rule 9019.

### IV.    BASIS FOR RELIEF REQUESTED

13.    Bankruptcy Rule 9019 grants a court the authority to approve a compromise or settlement after notice and a hearing. FED. R. BANKR. P. 9019. Under this authority, courts have routinely approved compromises and settlements that minimize litigation and benefit the bankruptcy estate. *See TCF Banking and Savings v. Leonard (In re Erickson),* 82 B.R. 97, 100 (D. Minn. 1987) (referencing "the fundamental policy that the law favors compromise."); *see also Marandas v. Bishop* (*In re Sassalos*), 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy"). Whether to approve or deny a compromise

involving the bankruptcy estate is committed to the discretion of the court; an appellate court will reverse only when that discretion has been abused. *Tri-State Fin'l, LLC v. Lovald,* 525 F.3d 649, 654 (8th Cir. 2008); *In re Living Hope Southwest Medical Svcs, LLC*, 2011 U.S. Dist. LEXIS 24354 (W.D. Ark. March 9, 2011).

14. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a court should determine whether the settlement is fair and equitable and in the best interests of the estate. *See Tri-State Fin'l, LLC*, 525 F.3d at 654. In assessing the reasonableness of a settlement, the following factors should be considered:

    a.    the probability of success in the litigation;

    b.    the difficulties, if any, to be encountered in the matter of collection;

    c.    the complexity of the litigation involved, and the expense, inconvenience, and delay associated with litigating the dispute; and

    d.    the paramount interest of the creditors and a proper deference to their reasonable views

*Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp.),* 730 F.2d 1128, 1135 (8th Cir. 1984); *see also Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir. 1929).

15. When considering these factors, a court should determine whether the settlement is "fair and equitable" as a whole instead of viewing one factor in insolation. *ReGen Capital III, Inc. v. Official Comm. Of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662, 666 (B.A.P. 8th Cir. 2002); *Cornerstone Bank v. Seaver (In re Heckler),* 2010 U.S. Dist. LEXIS 90372 at *7 (D. Minn. August 30, 2010). Finally, settlements should be allowed unless they fall below the lowest point of the range of reasonableness. *See In re Tri-State Fin'l, LLC,* 525 F.3d at 654; *see also In re Martin,* 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997).

16. Applying the foregoing standards, this Court's approval of the Agreement is

warranted under the circumstances. The Agreement is the product of arm's length bargaining and negotiation. The Trustee, on the one hand, and the Defendants, on the other hand, are not affiliated in any way. There are no agreements between the Parties other than those set out in the Agreement.

17. The Agreement disposes of contentious, fact-intensive legal issues and controversies between the Trustee and Defendants which would otherwise require a substantial amount of time and money to resolve. The Defendants have asserted and continue to maintain various defenses to the Avoidance Action, including the lack of personal jurisdiction and the ordinary course defense. The Agreement mitigates the very real risk of an unfavorable outcome for the Debtor's Estate in this regard, and will provide the Trustee useful evidence, testimony and consulting services for the D&O Litigation and the Fraudulent Transfer Litigation. The Defendants have already provided such litigation consulting services in the form of various documents and records. The Defendants have also agreed that they will continue to provide said litigation consulting services during the pendency of both the D&O Litigation and the Fraudulent Transfer Litigation.

18. The Agreement serves the paramount interest of creditors by providing information, evidence, and litigation consulting services to the Trustee for use in both the D&O Litigation and the Fraudulent Transfer Litigation, which might not otherwise be available to the Trustee. The Trustee believes that the information, evidence, and litigation consulting services will be an important benefit in the D&O Litigation and the Fraudulent Transfer Litigation.

19. The Agreement will become effective the first business day following the date on which the Order approving this Motion becomes final and non-appealable. If, for any reason, the Court does not approve this Motion, or the Order approving this Motion does not become final or

is overturned, then the Parties retain and preserve all rights, claims, privileges and defenses regarding the Avoidance Action.

20. Accordingly, the Trustee believes that the Agreement is fair and equitable and in the best interests of all creditors and parties-in-interest under the circumstances.

## V. PRAYER

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) approving the Agreement and authorizing the Parties to consummate the transactions contemplated therein; and (iii) granting related relief as is just and proper.

Dated: January 12, 2011          Respectfully submitted,

/s/ M. Randy Rice
M. Randy Rice, Trustee
523 South Louisiana, Suite 300
Little Rock, Arkansas 72201